UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| STEPHEN RILEY BAUCOM, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18 CV 11 RWS |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision denying his applications for disability insurance benefits and supplemental security income. Because the Commissioner's decision is supported by substantial evidence on the record as a whole, I will affirm the Commissioner's decision.

### **Procedural History**

On December 15, 2014, Plaintiff Stephen Baucom filed an application for disability insurance benefits pursuant to Title II, 42 U.S.C. §§ 401 et seq. This claim was initially denied on May 6, 2015. Thereafter, Baucom filed a written request for hearing on May 11, 2015. Prior to the hearing, on July 5, 2016, Baucom protectively filed an application for supplemental security income

pursuant to Title XVI, 42 U.S.C. §§ 1381 et seq. Plaintiff alleged an amended onset date of December 30, 2013. Plaintiff alleged disability because of diabetes mellitus, hypertension, hyperlipidemia, hyperthyroidism NOS, mild degenerative disc disease of the lumbar spine, bilateral Dupuytren's contracture, and depression.

After a hearing, an ALJ denied Baucom's application on February 24, 2017. After the Appeals Council denied Baucom's request for review, Baucom filed a complaint in this Court.

In this action for judicial review, Baucom contends that the ALJ erred in her consideration of his residual functional capacity (RFC) and by not according proper weight to certain medical evidence in this case. Plaintiff asks that I reverse the Commissioner's final decision and remand the matter for further consideration. For the reasons that follow, I will affirm the Commissioner's decision.

**Medical Records and Other Evidence Before the ALJ**

With respect to the medical records and other evidence of record, I adopt Baucom's recitation of facts set forth in his Statement of Undisputed Material Facts (ECF No. 15-1) to the extent they are admitted by the Commissioner (ECF No. 21-1).[1] I also adopt the additional facts set forth in the Commissioner's Statement of Additional Material Facts (ECF No. 21-2), as they are unrefuted by

---

[1] The Commissioner makes three clarifications and a denial. The Commissioner clarifies that (1) "Steven Akeson, Psy.D., issued an opinion about Plaintiff's mental impairments," (2) "Dr. Sandri diagnosed Plaintiff with controlled type 1 diabetes and controlled hypertension," and (3), "Dr. Sandri diagnosed Plaintiff with 'lower extremity weakness, etiology unclear.' " (ECF No. 21-1 at 2). "The Commissioner denies that Dr. Sandri described Plaintiff's groin pain was significant." (Id.)

Baucom. Additional specific facts will be discussed as needed to address the parties' arguments.

## Legal Standards

To be entitled to disability benefits, a claimant must prove that he is unable to perform any substantial gainful activity due to a medically-determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. § 423(a)(1)(D), (d)(1)(a). To determine whether claimants are disabled, the Commissioner evaluates their claims through five sequential steps. 20. C.F.R. § 404.1520; <u>Pate-Fires v. Astrue</u>, 564 F.3d 935, 942 (8th Cir. 2009) (describing the five-step process).

Steps one through three requires that the claimant prove (1) he is not currently engaged in substantial gainful activity, (2) he suffers from a severe impairment, and (3) his disability meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to steps four and five. Step four (4) requires the Commissioner to consider whether the claimant retains the RFC to perform his past relevant work . <u>Id.</u> at § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating he is no longer able to return to his past relevant work. <u>Pate-Fires</u>, 564 F.3d at 942. If the Commissioner determines the

claimant cannot return to past relevant work, the burden shifts to the Commissioner at step five to show the claimant retains the residual functioning capacity (RFC) to perform other jobs that exist in significant numbers in the national economy. Id.; 20 C.F.R. § 404.1520(a)(4)(v).

The ALJ is required to evaluate the credibility of a claimant's testimony, including the claimant's subjective complaints of pain. Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001). In so doing, the ALJ is not permitted to ignore the claimant's testimony even if it is inconsistent with objective medical evidence. Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir. 1984). After considering the claimant's testimony, the ALJ may disbelieve it if it is inconsistent with the record as a whole. Battles v. Sullivan, 902 F.2d 657, 660 (8th Cir. 1990). To properly evaluate the claimant's subjective complaints, the ALJ must consider the factors enumerated in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984):

> [The] claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.

Id. at 1322. While the ALJ must consider the Polaski factors, she need not enumerate them specifically. Wildman v. Astrue, 596 F.3d 959, 968 (8th Cir. 2010). When the ALJ explicitly disbelieves the claimant's testimony and

gives good reasons for such disbelief, a reviewing court will typically defer to the ALJ's finding. Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007). However, the ALJ retains the responsibility to develop the record fully and fairly in the course of the non-adversarial administrative hearing. Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002).

In reviewing the ALJ's denial of Social Security disability benefits, my role is to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole. Pate-Fires, 564 F.3d at 942. "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Id. In determining whether the evidence is substantial, I must consider evidence that both supports and detracts from the Commissioner's decision. Id. As long as substantial evidence supports the decision, I may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because I would have decided the case differently. See Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011). I must "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (internal citation omitted).

## ALJ's Decision

The ALJ first found that Baucom met the insured-status requirements of the Social Security Act through December 31, 2014. (Tr. 12). She found that Baucom had not engaged in substantial gainful activity since his alleged onset date. (Tr. 12). She also determined that Baucom suffered from the severe impairment of diabetes mellitus. (Tr. 12). The ALJ did not find Baucom's alleged hyperlipidemia, hyperthyroidism NOS, and benign hypertension to be severe impairments. (Tr. 13). The ALJ also did not find Baucom's alleged mild degenerative disc disease or bilateral Dupuytren's contracture to be a severe impairment. (Tr. 13). The ALJ found that Baucom's depression was not a severe impairment because her depression causes no more than "mild" limitation in any functional areas. 20 C.F.R. § 404.1520a(d)(1). The ALJ determined that Baucom did not have an impairment or a combination of impairments that equates to one of the listings denominated in 20 CFR 404, Subpt. P, App. 1. (Tr. 14-15).

Next, the ALJ determined that Baucom retained the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) and § 416.967(c). According to the ALJ, Baucom can occasionally lift no more than fifty pounds and frequently lift and carry up to twenty-five pounds. (Tr. 15). The ALJ further found that Baucom can stand or walk at least six hours out of an eight-hour workday with no limits on sitting. Finally, the ALJ determined that

Baucom can perform work that does not require climbing on ropes, ladders, or scaffolds and should avoid exposure to work hazards such as unprotected heights and being around dangerous or moving machinery. (Tr. 15).

Based on this RFC determination, the ALJ found that Baucom retains the capacity to perform past relevant work as a laborer. (Tr. 17). Additionally, the ALJ consulted a vocational expert (VE) to assess whether other jobs within Baucom's RFC existed in significant numbers in the national economy. (Tr. 18-19). The VE identified the jobs of Cleaner II, Laundry Laborer, and Hand Packager; he further identified these jobs as medium unskilled work within Baucom's RFC. (Tr. 19). Finally, the VE identified 390,000 Cleaner II jobs, 39,000 Laundry Laborer jobs, and 173,000 Hand Packager jobs in the national economy. (Tr. 19). The ALJ therefore determined that Baucom was not disabled within the meaning of the Social Security Act. (Tr. 21).

## Discussion

A.  RFC Determination

Baucom contends that the ALJ's RFC determination is not supported by substantial evidence on the record as a whole, because the ALJ improperly rejected relevant medical evidence.

RFC is defined as "what [the claimant] can still do" despite his "physical or mental limitations." 20 C.F.R. § 404.1545(a). The ALJ must determine a

7

claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations. McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citing Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995)). The record must include some medical evidence that supports the RFC. Dykes v. Apfel, 223 F.3d 865, 867 (8th Cir. 2000) (internal citation omitted). However, "there is no requirement that an RFC finding be supported by a specific medical opinion." Hensley v. Colvin, 829 F.3d 926, 932 (8th Cir. 2016).

Baucom essentially argues that I should reweigh the medical evidence considered by the ALJ in her determination of Baucom's RFC. However, my review is limited to reviewing the ALJ's decision to determine whether it is supported by substantial evidence. I cannot reweigh the evidence. Hensley, 829 F.3d at 934. As discussed below, the ALJ properly considered an assessment of Baucom's credibility and objective medical findings when conducting her RFC determination. In so doing, the ALJ did not substantially err.

The objective medical findings relied on by the ALJ include the following: Baucom was examined by his primary care physician, Dr. Conkright in September 2014, June 2015, and June 2016. The first two examinations revealed that Baucom's monofilament examination was normal with no edema. (Tr. 314 & 375). Additionally, during the June 2015 examination, Dr. Conkright indicated

that Baucom consistently remained neurologically intact with normal balance, gait, and coordination. (Tr. 375). At his June 2016 appointment, Dr. Conkright made note of infrequent hypoglycemic episodes relieved by eating or drinking and stated that Baucom's diabetes was otherwise stable. (Tr. 376). Based on the Jun 2016 exam, Dr. Conkright indicated that there was no extremity edema or neurological defects. (Tr. 379). Finally, Baucom alleged numbness and tingling in his lower extremities. However, nerve conduction studies conducted as recently as October 2016 were normal. (Tr. 425). The ALJ relied upon these findings of relatively normal examination results in reaching her RFC determination, and in doing so, the ALJ did not substantially err.

The ALJ also properly considered Baucom's daily activities and assessed Baucom's RFC consistent with his credible limitations. Baucom's daily activities included driving a car, providing care for his wife, preparing meals, grocery shopping, vacuuming, taking care of pets, and paying bills, counting change, and using a checkbook. Given these activities, the ALJ was not required to fully credit all of Baucom's assertions regarding his limitations. See Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996); Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2010) ("Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility."); Medhaug v. Astrue, 578 F.3d 805, 817 (8th Cir. 2009) ("Acts such as cooking, vacuuming, washing dishes, doing

laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain."). The ALJ also considered Baucom's own testimony, third-party statements and testimony, and the objective medical evidence, when considering Baucom's credibility.

Even if the ALJ could have drawn a different conclusion about Baucom's credibility after reviewing his daily activities, I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary determination. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010). Here, the ALJ discounted Baucom's subjective complaints only after evaluating the entirety of the record. In so doing, the ALJ did not substantially err, as subjective complaints may be discounted if inconsistencies exist in the evidence as a whole. Hinchey v. Shalala, 29 F.3d 428, 432 (8th Cir. 1994). Where, as here, an ALJ seriously considers but, for good reasons, explicitly discredits a claimant's subjective complaints, the Court will not disturb the ALJ's credibility determination. Johnson v. Apfel, 240 F.3d 1145, 1147 (8th Cir. 2001).

Substantial evidence in the record as a whole supports the ALJ's RFC determination. As a result, I must affirm the decision of the Commissioner.

B. <u>Weight Accorded to Opinion Evidence</u>

When evaluating opinion evidence, an ALJ is required to explain in her decision the weight given to any opinions from treating sources, non-treating

sources, and non-examining sources. See 20 C.F.R. § 404.1527(e)(2)(ii). The Regulations require that more weight be given to the opinions of treating physicians than other sources. 20 C.F.R. § 404.1527(c)(2). A treating physician's assessment of the nature and severity of a claimant's impairments should be given controlling weight if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Id.; see also Forehand v. Barnhart, 364 F.3d 984, 986 (8th Cir. 2004). A treating physician has the best opportunity to observe and evaluate a claimant's condition,

> since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(c)(2).

When a treating physician's opinion is not given controlling weight, the Commissioner must look to various factors in determining what weight to accord that and any other medical opinion of record. The relevant factors include the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, whether the physician provides support for her findings, whether other evidence in the record is consistent with the physician's findings, and the physician's area of specialty. 20 C.F.R. § 404.1527(c).

Inconsistency with other substantial evidence alone is a sufficient basis upon which an ALJ may discount a treating physician's opinion. Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005). The Commissioner "will always give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion." 20 C.F.R. § 404.1527(c)(2).

Plaintiff contends that the ALJ improperly rejected the opinion of medical expert Dr. Sandri. Plaintiff argues that the ALJ should have given controlling weight to Dr. Sandri's April 11, 2015 opinion, which would have precluded Baucom from performing medium work. For the reasons that follow, the ALJ did not substantially err.

In discounting the opinion of Dr. Sandri, the ALJ noted that Dr. Sandri's opinion was based on a single interaction with Baucom. Moreover, Dr. Sandri's opinion relied heavily on Baucom's lower extremity weakness of an unknown etiology that does not appear anywhere else in the medical record during the periods at issue. (Tr. 17). The physical examinations in the record repeatedly showed no abnormalities, and nerve conduction studies of the lower extremities were unremarkable. (Tr. 314, 375, 379, & 425). Additionally, during the June 2015 examination, Dr. Conkright indicated that Baucom consistently remained neurologically intact with normal balance, gait, and coordination. Furthermore, by June 2016, Dr. Conkright noted infrequent hypoglycemic episodes, which were

12

relieved by eating or drinking. Dr. Conkright stated that Baucom's diabetes was otherwise stable. (Tr. 376). After a physical examination, Dr. Conkright indicated no extremity edema or neurological deficits. (Tr. 379). Finally, despite Baucom's allegations of numbness and tingling in his lower extremities, nerve conduction studies conducted as recently as October 2016 were normal. (Tr. 425). The ALJ therefore did not err when the ALJ discounted Dr. Sandri's opinions as inconsistent with other substantial evidence of record. See Julin v. Colvin, 826 F.3d 1082, 1088 (8th Cir. 2016) (opinions of treating physicians may be given limited weight if they are inconsistent with the record) (citing Papesh v. Colvin, 786 F.3d 1126, 1132 (8th Cir. 2015)).

Here, the ALJ fashioned an RFC to account for Baucom's credible physical limitations by limiting him to medium work. When assessing a Baucom's RFC, "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011). Instead, the ALJ must determine a claimant's RFC based on her review of the record as a whole. The ALJ evaluated all of the medical evidence of record and adequately explained her reasons for the weight given this evidence. For the reasons set out above, substantial evidence on the record as whole supports the weight accorded by the ALJ to the medical opinion evidence in this case.

C.   ALJ's Duty to Develop the Record

Finally, Baucom argues that due to the ALJ's failure to properly evaluate Dr. Sandri's opinion, the ALJ did not develop the record enough to determine Baucom's disability onset date.

An ALJ has a duty to fairly develop the record if a crucial issue is underdeveloped. See Smith v. Barnhart, 435 F.3d 926, 930 (8th Cir. 2006); Garza v. Barnhart, 397 F.3d 1087, 1089-90 (8th Cir. 2005) (per curiam). However, an ALJ "is not required to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." Jones v. Astrue, 619 F.3d 963, 969 (8th Cir. 2010) (citations omitted). An ALJ may discount a doctor's opinion if she finds that it was "inconsistent with other substantive evidence. In such cases, an ALJ may discount an opinion without seeking clarification." Goff v. Barnhart, 421 F.3d 785, 791.

As discussed above, the ALJ found Dr. Sandri's opinion inconsistent with other substantive evidence in the record. In particular, the ALJ determined that Dr. Sandri's opinion deserved little weight because it was based on a one-time examination and inconsistent with the medical findings of Dr. Conkright. (Tr. 17). Furthermore, the ALJ also considered Baucom's daily activities, which included preparing meals, driving a car, grocery shopping, vacuuming, taking care of pets, and caring for his wife, among others. (Tr. 14). Finally, the ALJ found Baucom's

own statements concerning intensity of the alleged disabilities to be inconsistent with the medical evidence and other evidence in the record. (Tr. 15).

The ALJ met her duty to fully and fairly develop the record. The ALJ carefully considered Dr. Sandri's opinion in light of the facts described above. As a result, the ALJ's credibility determination of Dr. Sandri and the chosen onset date are supported by substantial evidence on the record.

## Conclusion

Because substantial evidence on the record supports the ALJ's decision, I must affirm the Commissioner's decision.

Accordingly,

**IT IS HEREBY ORDERED** that that the decision of the Commissioner is affirmed, and Baucom's complaint is dismissed with prejudice.

A separate Judgment is entered herewith.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2019.